UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RHONDA HORN,** } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Civil Action No.: 2:18-CV-00809-RDP |
| } | |
| **NANCY A. BERRYHILL,** } | |
| **Acting Commissioner of** } | |
| **Social Security,** } | |
| } | |
| Defendant. } | |

## **MEMORANDUM DECISION**

Plaintiff Rhonda Horn ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), seeking review of the decision of the Commissioner of Social Security ("the Commissioner") denying her claim for a period of disability insurance benefits ("DIB") and supplemental security income ("SSI"). *See* 42 U.S.C. §§ 405(g), 1383(c). Based on this court's review of the record and the briefs submitted by the parties, the court finds that the decision of the Commissioner is due to be affirmed.

**I.     Proceedings Below**

Plaintiff filed her application for DIB on March 13, 2015 and SSI on March 24, 2015, alleging a disability onset date of February 28, 2015. (R. 146, 148). The Social Security Administration ("SSA") denied the initial request for DIB and SSI on August 12, 2015. (R. 56, 70). Plaintiff thereafter requested a hearing before an Administrative Law Judge ("ALJ") (R. 88), and ALJ Emilie Kraft held a hearing on June 28, 2017. (R. 28). In her decision dated September 19, 2017, the ALJ determined that Plaintiff was not under a disability within the meaning of Sections 216(i), 223(d), or 1614(a)(3)(A) of the Social Security Act. (R. 20). Because the Appeals

Council denied Plaintiff's request for review on April 21, 2018, which was the final decision of the Commissioner (R. 1-3), the Commissioner's decision is now a proper subject for this court's appellate review.

## II. Statement of Facts

Plaintiff, who was born on August 11, 1970, was 44-years-old when she filed her request for DIB/SSI, and 47 at the time of the ALJ's decision. (R. 20, 44). After completing the tenth grade, Plaintiff held four relevant jobs over a fifteen year period: "fast food manager training," forklift operator, warehouse worker, and hand packager. (R. 31, 38, 40). The ALJ found that Plaintiff suffers from several severe impairments: degenerative disc disease, rheumatoid arthritis, neuropathy, and fibromyalgia. (R. 13).

The only issue on review in this case is whether the ALJ properly evaluated Plaintiff's complaints of pain. (Pl.'s Mem., Doc. # 10 at 4). Plaintiff first complained of pain in her extremities in late December 2014 at the Emergency Department of Shelby Baptist Medical Center. (R. 343). At that visit, Plaintiff reported a pain score of six on a ten-point scale. (R. 343). In the review of systems, the physician found that Plaintiff was positive for myalgias and arthralgias in her musculoskeletal system, but that Plaintiff maintained a normal range of motion. (R. 343-44). Over the next three years until her final visit in the medical record on April 29, 2017, Plaintiff sought frequent medical treatment for her back and extremity pain resulting from rheumatoid arthritis and fibromyalgia. (*See e.g.*, R. 322, 335, 421, 459, 475, 489). While at times Plaintiff described her pain as severe (R. 323, 330, 371, 392, 479, 512), during other visits, Plaintiff characterized the pain as mild or moderate. (R. 336, 410, 425, 432, 442, 475, 489). Despite a limited range of motion at one previous doctor visit (R. 371), numerous visits, including Plaintiff's most recent exam on

2

record, demonstrate that Plaintiff has a normal range of motion in her musculoskeletal system. (R. 330, 336, 344, 512).

During her hearing with the ALJ, Plaintiff reported that she experiences flare-ups that cause severe pain. (R. 32). This severe pain creates four "bad" days in a week and twenty-five "bad" days in a month, according to Plaintiff. (R. 32-33). Despite this pain, Plaintiff is able to do some light activities around the house, such as cleaning and cooking, in addition to going grocery shopping with her daughter. (R. 33). However, Plaintiff stated that she has to lie down four hours during the day to relieve her pain. (R. 34). Plaintiff also told the ALJ that her medications "help [her] some," which is consistent with Plaintiff's recent medical record where she explained that her fibromyalgia is "doing much better" and that she is "pleased with her current regimen." (R. 35, 470, 475).

## III. ALJ Decision

Disability under the Act is determined under a five-step test. 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial work activity" involves significant physical or mental activities, and "gainful work activity" is work that is done for pay or profit. 20 C.F.R. § 404.1572. If the ALJ finds that the claimant engages in substantial gainful activity, then the claimant cannot claim disability. 20 C.F.R. § 404.1520(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of medical impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). Absent such impairment, the claimant may not claim disability. *Id.*

3

Third, the ALJ must determine whether the claimant's impairment meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. When the claimant meets these criteria, the ALJ will find that the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

If the claimant does not fulfill the requirements necessary to be declared disabled under the third step, the ALJ may still hold that the claimant is disabled after the next two steps of the analysis. The ALJ must first determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 404.1520(e). Then, in the fourth step, the ALJ evaluates whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the ALJ finds that the claimant is capable of performing past relevant work, then the claimant is deemed not disabled. *Id.* On the other hand, if the ALJ finds the claimant unable to perform past relevant work, then the analysis proceeds to the final step. 20 C.F.R. § 404.1520(a)(4)(v).

In the last portion of the test, the ALJ must decide whether the claimant is able to perform any other work commensurate with her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). Here, the burden of proof shifts from the claimant to the Commissioner to prove the existence, in significant numbers, of jobs in the national economy that the claimant can do given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c).

In this case, the ALJ first determined that Plaintiff has met the insured status requirements of the Act through December 31, 2020. (R. 13). Next, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 28, 2015, the alleged onset date of disability.[1] (R.

---

[1] To establish entitlement for DIB under Title II of the Act, Plaintiff must establish that she became disabled prior to the expiration of her insured status. *See* 42 U.S.C. § 423(a)(1)(A). However, there is no such requirement for SSI. *Stone v. Comm'r of Soc. Sec.*, 596 F. App'x 878, 879 (11th Cir. 2015).

4

13). The ALJ also determined that Plaintiff has the following medically determinable severe impairments: degenerative disc disease, rheumatoid arthritis, neuropathy, and fibromyalgia. (R. 13). However, the ALJ reasoned that the record does not demonstrate that Plaintiff has an impairment or combination of impairments that meet or medically equal the severity of a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. (R. 15).

After considering whether Plaintiff's symptoms were reasonably consistent with the objective medical evidence and other evidence based on the requirements of 20 CFR 404.1529 and SSR 16-3p, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform light work subject to additional limitations. (R. 16). In particular, the ALJ found that while Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, Plaintiff's statements and other allegations concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (R. 17).

At step four, after comparing Plaintiff's RFC with the physical and mental demands of her past work, the ALJ determined that Plaintiff is capable of performing her past relevant work as a fast food manager trainee. (R. 18). Thus, the ALJ held that Plaintiff has not been under a disability, as defined by the Act, from the alleged onset date of disability through the date of decision. (R. 20). The ALJ also made the alternative finding that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform given her age, education, work experience, and RFC. (R. 19).

## IV. Plaintiff's Argument for Remand or Reversal

Plaintiff argues that the ALJ's factual findings are not supported by substantial evidence or the application of correct legal standards because the ALJ failed to properly consider Plaintiff's subjective allegations regarding pain. (Pl.'s Mem., Doc. # 10 at 4).

## V. Standard of Review

The only issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In other words, the district court may not reconsider the facts, re-evaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See Id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; more precisely, "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *Id.* While the court acknowledges that judicial review of the ALJ's findings is limited in scope, the court also notes that review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

## VI. Discussion

A claimant "bears the burden of proving that [she] is disabled, and consequently, [she] is responsible for producing evidence in support of [her] claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(a)). Upon review of the record as a whole, the court concludes that Plaintiff has not met this burden; thus, the court holds that the Commissioner's decision is supported by substantial evidence and is in accordance with applicable law.

When a claimant alleges disability through subjective complaints of pain and other symptoms, the court applies the Eleventh Circuit's "pain standard" to evaluate the symptoms. That standard requires: "(1) evidence of an underlying medical condition, and either (2) objective medical evidence confirming the severity of the alleged pain arising from that condition, or (3) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the claimed pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991); *see also* 20 C.F.R. § 404.1529. A claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability. *Holt*, 921 F.2d at 122.

However, "[a]fter considering a claimant's complaints of pain, an ALJ may then reject them as not creditable." *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992). During this assessment, the ALJ is to consider Plaintiff's testimony and any inconsistency between the testimony of symptoms and any other evidence. 20 C.F.R. §§ 404.1529(c)(3)-(4), 416.929(c)(3)-(4). If the ALJ rejects a plaintiff's testimony regarding pain, the ALJ must "articulate explicit and adequate reasons for doing so." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995)).

When reviewing the ALJ's decision, this court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Dyer*, 395 F.3d at 1211. Rather, it must defer to the Commissioner's decision if it is supported by substantial evidence. *Bloodsworth*, 703 F.2d at 1239. Furthermore, there is no requirement that the ALJ specifically refer to every piece of evidence that she used to render her decision; instead, the ALJ's decision must demonstrate to this court that she considered the claimant's medical condition in its entirety. *Adams v. Commissioner*, 586 Fed. Appx. 531, 533 (11th Cir. 2014).

Here, the ALJ found that Plaintiff's "determinable impairments could reasonably be expected to cause the alleged symptoms." (R. 17). Therefore, Plaintiff satisfied the first factor of the Eleventh Circuit's pain standard. However, the ALJ discredited Plaintiff's statements concerning the extent of her pain because the evidence of record does not support the level of limitation alleged by Plaintiff.[2] For example: Plaintiff's MRI exams show only mild degenerative disc disease, x-ray imaging of the cervical spine was unremarkable, recent records indicate a normal range of motion in the musculoskeletal system, Plaintiff demonstrated normal grip strength and sensation, treatment is effective at controlling Plaintiff's symptoms, her rheumatoid arthritis and fibromyalgia were noted to be under fair control, and Plaintiff's symptoms were only noted as mild or moderate on several occasions. (R. 18, 330, 336, 363, 410, 425, 442, 475, 482, 487, 491, 512). The ALJ determined that this medical evidence does not support Plaintiff's allegations that she experienced twenty-five bad days in a month, could sit for only thirty minutes at a time, and could stand for only ten minutes. (R. 18, 33).

---

[2] The ALJ determined, "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (R. 17).

The ALJ found that the medical record created an inconsistency with Plaintiff's subjective pain allegations, and the ALJ explicitly articulated her reasons, beyond a mere conclusory statement, for this finding in a more than adequate manner. Therefore, Plaintiff fails to satisfy either of the final two factors in the pain standard test. Thus, after a careful review of the record, the court concludes that substantial evidence supports the ALJ's decision to reject Plaintiff's subjective allegations of pain.

## VII. Conclusion

The court concludes that the ALJ's determination that the Plaintiff is not disabled is supported by substantial evidence and the ALJ applied the proper legal standards in reaching this determination. The Commissioner's final decision is therefore due to be affirmed. A separate order in accordance with this memorandum decision will be entered.

**DONE** and **ORDERED** this August 9, 2019.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE